UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CARRIERWEB, LLC | : | CASE NO. 17-54087-lrc |
| | : | |
| | : | CHAPTER 11 |
| Debtor | : | |
| | : | |

## EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE COMPENSATION AND BENEFITS IN THE ORDINARY COURSE OF BUSINESS

COMES NOW CarrierWeb, LLC, debtor and debtor in possession in the above-styled chapter 11 case ("Debtor"), and files this "Emergency Motion for Order Authorizing Payment of Prepetition Employee Compensation in the Ordinary Course of Business" (the "Employee Motion"). In support of the Employee Motion, Debtor shows the Court as follows:

### Jurisdiction

1. This Court has jurisdiction to consider the Employee Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Introduction

2. On March 6, 2017 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business as debtor in possession.

495273

3. Debtor provides near real time information to transportation and logistics companies on deployment of their assets (drivers, trucks, and trailers). Debtor provides hardware that is installed in trucks and trailers that transmits information (driver hours, fuel tax reconciliation, freight temperature and security) through Debtor's private cloud data base system to the transportation and logistics companies. Debtor's principal place of business is 200 Technology Court, Suite E, Smyrna, GA 30082 (the "Headquarters"). Debtor employs twenty four (24) employees, with fourteen (14) being located at the Headquarters. The remaining employees are development, sales, and sales support employees who work from their homes in Illinois, New Hampshire, Connecticut, Florida, and New York.

4. As more fully set forth below, prior to the Petition Date Debtor incurred compensation and benefit obligations payable to employees or others for the benefit of employees for services rendered in the ordinary course of the business. The success of Debtor's reorganization is dependent upon the confidence, loyalty, and retention of current employees. Therefore, Debtor deems it critical that it be authorized to pay prepetition compensation and benefit obligations on an uninterrupted basis. Such payments will assist Debtor in retaining competent and experienced employees.

5. Debtor offers (i) health insurance for its employees through Humana ($18,187.49) which is paid monthly and is payable now; (ii) life and disability insurance through Colonial Life ($2,413.29) which is paid monthly and is payable now; (iii) dental and vision coverage through Guardian ($2,588.81) which is paid monthly and is payable now (collectively, the "Policies"). Debtor withholds from participating employees a portion of the premiums for the Policies.

6. Debtor in the ordinary course is required to deduct from certain employees amounts due pursuant to domestic relations orders and/or Chapter 13 EDOs (the "Deductions"). The Debtor pays on the employees' behalf the Deductions to the appropriate recipients.

7. Debtor offers its employees a 401(k) plan through John Hancock funded by voluntary contributions deducted from employee paychecks (the "Contributions") and matching contributions by Debtor. The bi-weekly amount so deducted is approximately $1,726 per pay period.

8. Debtor's employees are paid bi- weekly. The Debtor's next payroll is payable March 9, 2017, and covers the two week period ending March 3, 2017. The gross amount due for payroll will be approximately $73,974.58 in wages, inclusive of taxes, premiums for the Policies, Deductions, and Contributions.

9. Debtor also owes for the payroll period ending February 17, 2017. The gross amount due for payroll will be approximately $68,897.70 in wages, inclusive of taxes, premiums for the Policies, Deductions, and Contributions.

**Relief Requested**

10. By this Employee Motion, Debtor requests that this Court enter an Order pursuant to Sections 105(a) and 507(a)(3) of the Bankruptcy Code, authorizing Debtor to pay or otherwise honor various employee-related prepetition obligations of the Debtor, to or for the benefit of, currently active employees (the "Employees").

11. For the reasons set forth herein, Debtor respectfully submits that it is in the best interest of the estate for this Court to authorize Debtor to make such payments and honor obligations owed to, or for the benefit of, the Employees. The obligations (the "Obligations")

495273

include, without limitation, (i) unpaid prepetition wages and salaries earned prior to the Petition Date; (ii) applicable federal and state withholding taxes, (iii) insurance premiums for the Policies, (iv) collection and remittance of the Deductions, and (v) collection and remittance of the Contributions.

12. Debtor also seeks confirmation that it be permitted to pay any and all local, state, and federal withholding and payroll-related taxes relating to prepetition period, including, without limitation, all withholding taxes, Social Security taxes, and Medicare taxes.

## Basis for Relief

13. This bankruptcy case was filed in the middle of a regular and customary payroll period. The payrolls for the periods ending February 17 and March 3 constitute prepetition debts.

14. Any delay in paying the Obligations would further disrupt and harm Debtor's relationship with its employees and will impair employee morale. Moreover, employees would suffer extreme personal and financial hardship if they were not able to receive their prepetition compensation and benefits. Such a result would result in unmanageable attrition among employees. Debtor submits that any significant deterioration in morale at this time will substantially impair Debtor's ability to successfully reorganize.

15. Debtor submits that the amounts to be paid to the employees pursuant to the Employee Motion are reasonable when compared with the importance and necessity of preserving services, revenues, and employee morale. Debtor further submits that the salaries, commissions, and benefits paid to any individual employee will total less than $12,850[1].

---

[1] Only one employee is owed in excess of the $12,850 limit, and that employee will only be paid up to $12,850.

495273

16. Accordingly, Debtor seeks authorization to pay the Obligations or to maintain accrued levels of benefits and continue such accrual where payment is not yet due in accordance with the policies and programs that were in place prior to the Petition Date.

### Legal Authority

17. Section 105 of the Bankruptcy Code allows the Court to enter any necessary or appropriate order and provides, in part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

18. Section 105 of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court. *See Croton River Club, Inc. v. Half Moon Bay Homeowners' Assoc., Inc., (In re Croton River Club)*, 52 F.3d 41, 45 (2nd Cir. 1995).

19. Moreover, Section 507(a)(3) of the Bankruptcy Code, allows priority treatment, up to $12,850, for holders of allowed claims attributable to wages, salaries, or commissions, inclusive of vacation, severance and sick leave pay. 11 U.S.C. § 507(a)(3). Upon information and belief, the payments contemplated herein are for priority claims and would not exceed the $12,850 limit.

20. Under the "doctrine of necessity," which is derived from Section 105 of the Bankruptcy Code, it is entirely appropriate for a bankruptcy court to exercise its inherent equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor...." *See In re Ionosphere Clubs Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco* 465 U.S. 513, 528 (1984)).

495273

Accordingly, a court may authorize, prior to confirmation of a plan, the payment of prepetition obligations that are essential to the debtor's continued business operations and vital to reorganizational efforts. *See In re Ionosphere Clubs, Inc.,* 98 B.R. at 175.

21. Courts routinely allow debtors to pay wages, salaries and benefits earned prepetition but due and owing after the Petition Date. *See In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D.La. 1989) (court authorized charter air service to pay prepetition wages and benefits); *In re Ionosphere Clubs, Inc.,* 98 B.R. at 177 (court, relying upon Section 105(a) of the Bankruptcy Code, permitted Eastern Air Lines, Inc., to pay current employees' prepetition wages, salaries, and benefits such payments were deemed necessary to effectuate a restructuring.). Moreover, courts in this district have routinely concluded that it is appropriate to pay prepetition wages and benefits, when such payments are necessary to effectuate the bankruptcy process. *See e.g. In re Pretty Products, Inc.,* Chapter 11 Case No. 10-12286-whd (Drake J.)*, In re Stone Connection, Inc.,* Chapter 11 Case No. 09-85337-jb (Bihary J.).

22. The employees are essential to Debtor's ability to successfully navigate Chapter 11 and reorganize. Additionally, authorization to pay the Obligations is necessary to maintain morale and prevent many of the employees from suffering personal financial hardship or from seeking other employment. Accordingly, Debtor requests that the relief sought herein is appropriate and consistent with Sections 105(1) and 507(a)(3) of the Bankruptcy Code.

23. Notice of this Motion was given to the (a) the United States Trustee; (b) Debtor's twenty (20) largest unsecured creditors; and (c) all parties in interest who served upon counsel for the Debtor and file with the Clerk of this Court a request that all notices be mailed to them pursuant to Bankruptcy Rule 2002(i).

495273

24. Debtor respectfully submits that such notice is sufficient, and requests that this Court find that no further notice is necessary.

WHEREFORE, Debtor respectfully requests that the Court:

(A) schedule a hearing on the Employee Motion on an expedited bases and shorten notice to creditors accordingly;

(B) enter an order authorizing Debtor to pay all Obligations, including, without limitation, wages, benefits and applicable taxes;

(C) enter an order authorizing Debtor to pay (i) any and all local, state, and federal withholding and payroll-related taxes relating to prepetition periods, including, without limitation, all withholding taxes, Social Security taxes, and Medicare taxes, (ii) any and all premiums on the Policies, (iii) all Deductions to the appropriate recipients, and (iv) payment of the Contributions; and

(D) grant such further and other relief as the Court deems just and appropriate.

Dated: March 7, 2017

                                            LAMBERTH, CIFELLI,
                                            ELLIS & NASON, P.A.
                                            Attorneys for Debtor

                                            By: */s/ G. Frank Nason, IV*
                                                  G. Frank Nason, IV
                                                  Georgia Bar No. 535160

1117 Perimeter Center West
Suit W212
Atlanta, GA 30338
(404) 262-7373
(404) 262-9911 (facsimile)

495273

## Certificate of Service

      This is to certify that the undersigned has served a true and correct copy of the foregoing EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE COMPENSATION AND BENEFITS IN THE ORDINARY COURSE OF BUSINESS by electronic mail to the undersigned. A separate certificate showing service on other parties will follow:

                              Lindsay P. S. Kolba
                              Office of U.S. Trustee
                              362 Richard Russell Bldg.
                              75 Ted Turner Drive, SW
                              Atlanta, GA 30303
                              Lindsay.P.Kolba@usdoj.gov

This 7th day of March, 2017

                              /s/ *G. Frank Nason, IV*
                              G. Frank Nason, IV

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373

495273