**IT IS ORDERED as set forth below:**

**Date: September 9, 2019**



_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| CWEB LIQUIDATION, LLC | : CASE NO. 17-54087-lrc |
| f/k/a CARRIERWEB, LLC | : |
| | : CHAPTER 11 |
| Debtor | : |
| _____ | : |

**ORDER CONFIRMING CHAPTER 11 PLAN**

On June 25, 2019, CWeb Liquidation, LLC f/k/a CarrierWeb, LLC ("Debtor"), debtor and debtor in possession, and The Official Committee of Unsecured Creditors of CWeb Liquidation, LLC f/k/a CarrierWeb, LLC (the "Committee")(collectively, Debtor and the Committee are referred to as the "Proponents") filed their "Chapter 11 Plan Jointly Submitted by: CWeb Liquidation, LLC f/k/a CarrierWeb, LLC, Debtor and Debtor in Possession and The Official Committee of Unsecured Creditors of CWeb Liquidation, LLC f/k/a CarrierWeb, LLC" (the "Plan"; Doc. No. 239) and accompanying "Disclosure Statement with Regard to Chapter 11 Plan Jointly Submitted by: CWeb Liquidation, LLC f/k/a CarrierWeb, LLC, Debtor and Debtor in Possession and The Official Committee of Unsecured Creditors of CWeb Liquidation, LLC f/k/a CarrierWeb, LLC" (the "Disclosure Statement"; Doc. Np. 240)

On July 25, 2019, the Court entered its "Order and Notice Approving Disclosure Statement, Scheduling Hearing on Confirmation, and Establishing Deadline for Filing Ballots and Objections to Confirmation" (the "Order and Notice"). The Order and Notice set August 27,

2019, as the last day for the filing of ballots and objections to confirmation and provided notice of the hearing on confirmation scheduled for August 29, 2019 (the "Confirmation Hearing"). Debtor served the Plan, the Disclosure Statement, the Order and Notice, and a Ballot on all creditors.

. Prior to the Confirmation Hearing, Debtor filed a "Certification of Balloting" (the "Certification"; Doc. 270) and "Memorandum of Points and Authorities in Support of Confirmation of Chapter 11 Plan Jointly Submitted by: CWeb Liquidation, LLC f/k/a CarrierWeb, LLC, Debtor and Debtor in Possession and The Official Committee of Unsecured Creditors of CWeb Liquidation, LLC f/k/a CarrierWeb, LLC" (the "Memorandum"; Doc. 271).

Based on the record, the representations of counsel at the Confirmation Hearing, the Certification, the Memorandum, and the proffer by Debtor's counsel at the Confirmation Hearing, the Court makes the following findings of fact and conclusions of law.

(1) The Plan complies with the applicable provisions of Title 11 as required by 11 U.S.C. § 1129(a)(1).

(2) The Proponents of the Plan have complied with the applicable provisions of Title 11 as required by 11 U.S.C. § 1129(a)(2).

(3) The Plan has been proposed in good faith and not by any means forbidden by law, all as required by 11 U.S.C. § 1129(a)(3).

(4) No payments are being made by Debtor for costs and expenses in connection with the case, in connection with the Plan or incident to the case, which have not been approved by, or which are not subject to approval by, this Court as reasonable as required by 11 U.S.C. § 1129(a)(4).

(5) Debtors have disclosed the identity and compensation for all insiders that will be employed or retained by Debtor following Confirmation. Accordingly, Proponents have complied with the provisions of 11 U.S.C. § 1129(a)(5).

(6) There is no governmental regulatory commission with jurisdiction over the rates of Debtor, so the provisions of 11 U.S.C. § 1129(a)(6) are inapplicable to this case.

(7) With respect to each impaired Class of Claims, the Court finds that each Holder of a Claim in such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such Holder would receive or retain if Debtor liquidated under Chapter 7 of Title 11, all as required by 11 U.S.C. § 1129(a)(7).

(8) With respect to impaired Classes 1, the Plan has been accepted in writing as required by 11 U.S.C. § 1129(a)(8).

(9)     With respect to Claims of a kind specified in §§ 507(a)(8) of the Bankruptcy Code, the Plan complies with 11 U.S.C. § 1129(a)(9)(C).

(10)    The Debtor had at least one impaired Classes of Claims vote in favor of the Plan without regard to the votes of any insider. Therefore, the provisions of 11 U.S.C. § 1129(a)(10) have been met.

(11)    The Court concludes that the Plan is feasible. Therefore, the provisions of 11 U.S.C. § 1129(a)(11) have been met.

(12)    The Court finds that all fees payable under § 1930 of the Code are current in accordance with 11 U.S.C. § 1129(a)(12) or will be paid on or before the Effective Date of the Plan.

(13)    There are no Claims for retiree benefits as defined in 11 U.S.C. § 1114, so the provisions of 11 U.S.C. § 1129(a)(13) are inapplicable to this case.

(14)    The provisions of 11 U.S.C. §§ 1129(a)(14), (15), and (16) are inapplicable to this case.

(15)    The Plan does not discriminate unfairly and is fair and equitable.

Based upon the foregoing findings of fact and conclusions of law, it is hereby

ORDERED that the Plan is hereby confirmed in accordance with 11 U.S.C. § 1129 as of the date of entry of this order; and it is further

ORDERED that all provisions of the Plan shall bind Debtor and all creditors in accordance with 11 U.S.C. § 1141(a); and it is further

ORDERED that as of the date of entry of this order, all property of the estate shall vest in the Liquidating Debtor in accordance with 11 U.S.C. § 1141(b); and it is further

ORDERED that the property dealt with under the Plan is free and clear of all liens, claims, and interests, except as provided in the Plan in accordance with 11 U.S.C. § 1141(c); and it is further

ORDERED that confirmation of the Plan does not discharge Debtor from any debt that arose before the date of confirmation in accordance with 11 U.S.C. § 1141(d)(1); and it is further

ORDERED that within 120 days from the entry of this Order, the Liquidating Debtor shall file a report stating whether the estates have been administered within the meaning of Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the Proponents, together with an application for a final decree closing the case.

** END OF DOCUMENT**

**Prepared and presented by:**

LAMBERTH, CIFELLI,
 ELLIS & NASON, P.A.
Counsel for Debtor

By: */s/ G. Frank Nason, IV*
        G. Frank Nason, IV
        Georgia Bar No. 535160
1117 Perimeter Center West
Suite N313
Atlanta, GA 30338
(404) 262-7373


**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite N313, Atlanta, GA 30338

Lindsay P. S. Kolba, Office of U.S. Trustee, 362 Richard Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, GA 30303

Bradford J. Sandler, Colin R. Robinson, Pachulski, Stang, Ziehl & Jones, LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801

 Henry F. Sewell, Jr., Law Offices of Henry F. Sewell, Jr., LLC, 2964 Peachtree Road, Suite 555, Atlanta, GA 30305